UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD J. REINHART,

                Plaintiff,

    -v-                                              1:15-CV-1095

CITIMORTGAGE, INC., TOM P. ROSICKI,
DEBORAH M. GALLO, VIRGINIA
GRAPENSTER, LAURA STRAUSS,
ANTHONY P. LUCKIE, WILLIAM KNOX,
ROSICKI, ROSICKI & ASSOCIATES, P.C.,
ASHLEY S. MILLER, AKERMAN LLP,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. and
CYNTHIA ROSICKI,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                  OF COUNSEL:

EDWARD J. REINHART
Plaintiff, Pro Se
698 County Route 353
Rensselaerville, NY 12147

AKERMAN LLP                             JORDAN M. SMITH, ESQ.
Attorneys for Defendants CitiMortgage,
   Inc., Mortgage Electronic Registration
   Systems, Inc., Akerman LLP, and
   Ashley S. Miller
666 Fifth Avenue, 20th Floor
New York, NY 10103

ROSICKI ROSICKI ASSOCIATES         LIJUE T. PHILIP, ESQ.
Attorneys for Cynthia Rosicki, Tom P.    ANDREW C. MORGANSTERN, ESQ.
   Rosicki, Deborah M. Gallo, Virginia
   Grapenster, William Knox, and Rosicki,
   Rosicki & Associates P.C.
51 East Bethpage Road
Plainview, NY 11803

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On September 10, 2015, plaintiff Edward Reinhart ("Reinhart" or "plaintiff"), proceeding pro se, filed this action asserting various "claim[s] of trespass" arising from the foreclosure and sale of his home. Plaintiff named CitiMortgage, Inc. ("CMI") and Mortgage Electronic Registration Systems, Inc. ("MERS"), the two entities involved in his home mortgage loan, Akerman LLP ("Akerman") and Rosicki, Rosicki, & Associates P.C. ("Rosicki"), the two law firms that appeared on behalf of CMI in the foreclosure action, and seven of the individual attorneys employed by those firms as defendants to the action.

Shortly thereafter, CMI, MERS, Akerman, Rosicki, and the individually named defendants (collectively "defendants") moved to dismiss the various claims pursuant to Federal Rule of Civil of Procedure ("Rule") 12(b)(1) based on a lack of subject matter jurisdiction; alternatively, defendants sought dismissal of plaintiff's complaint in its entirety pursuant to Rule 12(b)(6) for failure to state any plausible claims upon which relief could be granted. Those motions were fully briefed.

Thereafter, Reinhart filed an amended complaint that, liberally construed, asserted claims pursuant to the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Federal Debt Collection Practices ("FDCPA") Act, and the New York Uniform Commercial Code ("UCC"). This amended complaint alleged that defendants: (1) failed to respond to plaintiff's Qualified Written Request/Notice of Rescission as required by RESPA; (2) failed to rescind his mortgage note under TILA; (3) insufficiently

responded to a request for information under the FDCPA; (4) failed to respond to plaintiff's settlement offer under the UCC; and (5) failed to "validate the debt" by providing the original promissory note of the mortgage loan plaintiff borrowed from CMI under the UCC.

On March 30, 2016, a Memorandum-Decision & Order issued granting defendants' motions to dismiss. Reinhart v. Citimortgage, Inc., 2016 WL 1259413 (N.D.N.Y. Mar. 30, 2016) (the "March 30 MDO"). In light of Reinhart's pro se status, the March 30 MDO independently considered the sufficiency of both the original and amended complaints. As to the former, the March 30 MDO concluded that plaintiff had failed to establish subject matter jurisdiction because he failed to raise a substantial federal question and the parties were not completely diverse. As to the latter, the March 30 MDO concluded that plaintiff had failed to state any plausible claims upon which relief could be granted. Accordingly, the March 30 MDO dismissed both of plaintiff's complaints. Id.

On April 26, 2016, Reinhart moved for reconsideration of the March 30 MDO. Out of an abundance of caution, defendants were directed to respond. Plaintiff's motion has now been fully briefed and will be considered on the basis of the submissions and without oral argument.

## II. DISCUSSION[1]

Generally speaking, the standard for granting a motion for reconsideration is "strict," since it is neither a vehicle for securing a rehearing on the merits nor an opportunity to assert arguments that could and should have been made before the contested decision was

---

[1] A thorough discussion of the relevant factual background is available in the March 30 MDO and will not be repeated here.

issued.[2]  Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Rather, it is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scare judicial resources," and will generally be denied unless "the moving party can point to controlling decisions or data that the court overlooked, and which the movant could reasonably believe would have altered the court's original decision."  Montblanc-Simplo GmbH v. Colibri Corp., 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010) (citations omitted).

Accordingly, a previous ruling will only be reconsidered and vacated if:  (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983), cert. denied, 464 U.S. 864 (1983)).

Here, in addition to being untimely, Reinhart's motion for reconsideration does little more than restate the various federal claims asserted in his amended complaint.  But as defendants' filings in opposition again make clear, neither of plaintiff's complaints stated any viable claims for relief and were therefore properly dismissed by the March 30 MDO.  Beyond that fact, plaintiff's motion also fails to demonstrate that he meets any of the strict criteria set forth above that would justify a grant of reconsideration in this matter.  Accordingly, plaintiff's motion will be denied.

---

[2] "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)."  Lolonga-Gedeon v. Child & Family Servs., –F. Supp. 3d–, 2015 WL 7280559, at *1 (W.D.N.Y. Nov. 18, 2015) (citations omitted).

## III. **CONCLUSION**

Reinhart has failed to establish any basis on which reconsideration of the March 30 MDO is warranted.

Therefore, it is

ORDERED that

Reinhart's motion for reconsideration is DENIED.

The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: June 7, 2016.
    Utica, New York.