AT THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW YORK

ALBANY COUNTY, STATE OF NEW YORK

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

MAY 1 5 2017

LAWRENCE K. BAERMAN, CLERK
ALBANY

EDWARD J. REINHART

CLAIMANT

CITIMORTGAGE, INC., CYNTHIA
ROSICKI, TOM P ROSICKI,
DEBORAH M GALLO, VIRGINIA
GRAPENSTER, LAURA STRAUSS,
ANTHONY P. LUCKIE, ROSICKI,
ROSICKI & ASSOCIATES, P.C.,
ASHLEY S MILLER, AKERMAN
LLP, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;

RESPONDENTS

Civil No.
15-CV-1095(DNH)(CFH)

1st Amended Complaint

Date: November 3, 2015

# CHALLENGE TO SUBJECT MATTER JURISDICTION

Petitioner sought a declaration of rights to determine the bona fide holder of a residential mortgage.

## I.   CHALLENGE TO THE JURISDICTION.

### A.   *Single Issue Brought*

Petitioner, in the instant case, brought a single issue for a declaration of rights of the party. The issue brought is: In a matter of a rescission filed out of time, does the statute of limitations act as a bar to filing the rescission, or does the statute of

limitations included in the Truth In Lending Act at 1635(c) merely act as an affirmative defense to rescission?"

### B.   Court Ruled On Issues Not Before It

The trial court failed to exercise its jurisdiction over the issues brought and ruled on issues introduced by Defendant instead.  Defendant, in its response to Petitioner's request for declaratory judgment, mischaracterized the case as a petition for damages under the Truth In Lending Act.  Defendant then proceeded to rant and rave about the inapplicability of such a claim for damages.

Apparently the Defendant took it upon itself to enter a claim for Petitioner which the court seemed only too willing to deny out of hand.  The problem was, the issued denied by the trial court were not before the court and Petitioner did not appeal the denial of the claim never made by Petitioner.  Petitioner appealed the rulings of the court based on its failure to address the single issue brought.

### C.   Jurisdiction Over Declaratory Judgment

The Court explained in Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983):

> "Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question."

### D.   Court Must Prove Jurisdiction

Jurisdiction is a matter between the litigants and the court.  It is the court that has made a demand on Petitioner and, therefore, it is the court that must prove up its authority to rule make demands on Petitioner in the instant matter.

> "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US, 505 F2d 1026.

Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167 (2d Cir. 2008), aff'd 130 S. Ct. 2869 (2010) (quoting Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir.2008)) ("'Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Federal Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'")

### E.   *Jurisdiction Not Within Discretion of Court*

The matter if jurisdiction is not a matter within the discretion of this court. Subject matter jurisdiction is an essential part of the authority of a court to decide a case, and it is never to be presumed and cannot be waived. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993). The reviewing court determines whether subject matter jurisdiction exists as a question of law, subject to de novo review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

### F.   *The Court Must Determine Jurisdiction*

The court, in the instant action, acted on claims alleged by Defendants to have been made by Plaintiff.  Before the court could exercise jurisdiction over the alleged claims, the court had to first determine whether or not the claims were actually made by Plaintiff so as to invoke the subject matter jurisdiction of the court:

A court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in the suit (subject-matter jurisdiction) . . . ." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) (declining to address jurisdiction and holding that district court had authority to dismiss action on forum non conveniens grounds before

considering the merits) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–102 (1998) (rejecting doctrine of "hypothetical jurisdiction" that would allow a court to rule on issues of law before adjudicating jurisdiction)).

Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167 (2d Cir. 2008), aff'd 130 S. Ct. 2869 (2010) (quoting Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir.2008)) ("'Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'")

In the instant case, the court went straight to the merits of issues not brought.

### G.   *Proceedings A Nullity*

The court, in the instant case, took it upon itself to adopt the claims attributed to Petitioner by Defendant and exercise jurisdiction over said claims.

> "A universal principle as old as the law is that a proceedings of a **court without jurisdiction** are a **nullity** and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.

## II.   CONCLUSION

Petitioner, in the instant case, petitioned the court for a declaration of the rights of the parties concerning a certain deed of trust under 28 USC 2201. The court mischaracterized the suit as a claim for damages under the Truth In Lending Act, 15 U.S.C. 1601, then denied said claims without ruling on the only issue before the court.

## III.   PRAYER

Affiant prays of the court an order:

1. declaring that the court is without jurisdiction over the rulings made;

2. remanding the case to the trial court for a ruling on the only issue brought.

**Respectfully,**

Edward J. Reinhart

## OATH AND VERIFICATION

I, Edward J. Reinhart, declare under penalty of perjury and the laws of the United States, that the foregoing is true and correct to the best of my personal knowledge, recollection, and belief.

State:   New York                    )

                                     )        Sworn and Subscribed

County: _Albany_                     )

Signed and sealed this _12th_ day of _May_, 2017.

By: _Connie Fox_

_Stamp/Seal_

12/08/18
#01F049704 20

# AFFIDAVIT OF SERVICE

I Edward Reinhart hereby verify that I caused a true and correct copy of;

- CHALLENGE TO SUBJECT MATTER JURISDICTION
- To be mailed via the United States Postal Service, First Class Mail, properly addressed, on or about May 15, 2017 to the following:

Rosicki, Rosicki & Associates, P.C.
Main Office 51 E Bethpage Road
Plainview, NY 11803

By: _____

Edward J Reinhart, All Rights
Reserved

# AFFIDAVIT OF SERVICE

I Edward Reinhart hereby verify that I caused a true and correct copy of;

- CHALLENGE TO SUBJECT MATTER JURISDICTION
- To be mailed via the United States Postal Service, First Class Mail, properly addressed, on or about May 15, 2017 to the following:

Ashley S Miller
c/o Akerman LLP
666 Fifth Avenue
20th Floor
New York, New York 10103

By: _____

Edward J Reinhart, All Rights
Reserved

# AFFIDAVIT OF SERVICE

I Edward Reinhart hereby verify that I caused a true and correct copy of;

- CHALLENGE TO SUBJECT MATTER JURISDICTION
- To be mailed via the United States Postal Service, First Class Mail, properly addressed, on or about May 15, 2017 to the following:


Akerman LLP
666 Fifth Avenue
20th Floor
New York, New York 10103


By: _Edward J Reht_

Edward J Reinhart, All Rights
Reserved

# AFFIDAVIT OF SERVICE

I Edward Reinhart hereby verify that I caused a true and correct copy of;

- CHALLENGE TO SUBJECT MATTER JURISDICTION
- To be mailed via the United States Postal Service, First Class Mail, properly addressed, on or about May 15, 2017 to the following:

CITIMORTGAGE, INC.
100 Technology Drive
O'Fallon, Missouri 63368

By: _____

Edward J Reinhart, All Rights Reserved

# AFFIDAVIT OF SERVICE

I Edward Reinhart hereby verify that I caused a true and correct copy of;

- CHALLENGE TO SUBJECT MATTER JURISDICTION
- To be mailed via the United States Postal Service, First Class Mail, properly addressed, on or about May 15, 2017 to the following:

Mortgage Electronic Registration Systems, Inc.
1818 Library Street
Suite 300
Reston, VA 20190

By:_____

Edward J Reinhart, All Rights
Reserved

# AFFIDAVIT OF SERVICE

I Edward Reinhart hereby verify that I caused a true and correct copy of;

- CHALLENGE TO SUBJECT MATTER JURISDICTION
- To be mailed via the United States Postal Service, First Class Mail, properly
  addressed, on or about May 15, 2017 to the following:

Deborah M Gallo
c/o Rosicki, Rosicki & Associates, P.C.
Main Office 51 E Bethpage Road
Plainview, NY 11803

By:_____

Edward J Reinhart, All Rights
Reserved

# AFFIDAVIT OF SERVICE

I Edward Reinhart hereby verify that I caused a true and correct copy of;

- CHALLENGE TO SUBJECT MATTER JURISDICTION
- To be mailed via the United States Postal Service, First Class Mail, properly addressed, on or about May 15, 2017 to the following:

Virginia Grapenster
c/o Rosicki, Rosicki & Associates, P.C.
Main Office 51 E Bethpage Road
Plainview, NY 11803

By: _Edward J Reinhart_

Edward J Reinhart, All Rights Reserved

# AFFIDAVIT OF SERVICE

I Edward Reinhart hereby verify that I caused a true and correct copy of;

- CHALLENGE TO SUBJECT MATTER JURISDICTION
- To be mailed via the United States Postal Service, First Class Mail, properly addressed, on or about May 15, 2017 to the following:


Tom P. Rosicki
c/o Rosicki, Rosicki & Associates, P.C.
Main Office 51 E Bethpage Road
Plainview, NY 11803


By:_____

    Edward J Reinhart, All Rights
    Reserved

# AFFIDAVIT OF SERVICE

I Edward Reinhart hereby verify that I caused a true and correct copy of;

- CHALLENGE TO SUBJECT MATTER JURISDICTION
- To be mailed via the United States Postal Service, First Class Mail, properly
  addressed, on or about May 15, 2017 to the following:


Cynthia Rosicki
c/o Rosicki, Rosicki & Associates, P.C.
Main Office 51 E Bethpage Road
Plainview, NY 11803



By: _____

    Edward J Reinhart, All Rights
Reserved

# AFFIDAVIT OF SERVICE

I Edward Reinhart hereby verify that I caused a true and correct copy of;

- CHALLENGE TO SUBJECT MATTER JURISDICTION
- To be mailed via the United States Postal Service, First Class Mail, properly
  addressed, on or about May 15, 2017 to the following:


William Knox
c/o Rosicki, Rosicki & Associates, P.C.
Main Office 51 E Bethpage Road
Plainview, NY 11803


By:_____

    Edward J Reinhart, All Rights
    Reserved

# AFFIDAVIT OF SERVICE

I Edward Reinhart hereby verify that I caused a true and correct copy of;

- CHALLENGE TO SUBJECT MATTER JURISDICTION
- To be mailed via the United States Postal Service, First Class Mail, properly addressed, on or about May 15, 2017 to the following:

Anthony P. Luckie
c/o Rosicki, Rosicki & Associates, P.C.
Main Office 51 E Bethpage Road
Plainview, NY 11803

By: _____

Edward J Reinhart, All Rights Reserved

# AFFIDAVIT OF SERVICE

I Edward Reinhart hereby verify that I caused a true and correct copy of;

- CHALLENGE TO SUBJECT MATTER JURISDICTION
- To be mailed via the United States Postal Service, First Class Mail, properly addressed, on or about May 15, 2017 to the following:

Laura Strauss
c/o Rosicki, Rosicki & Associates, P.C.
Main Office 51 E Bethpage Road
Plainview, NY 11803

By: _Edward J Relt_

Edward J Reinhart, All Rights
Reserved